UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

SAMANTHA HOCHMAN,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a
foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff Samantha Hochman sues the Defendant American Airlines, Inc. for damages and, in support thereof, alleges as follows:

## PARTIES

1. At all time material, Plaintiff Samantha Hochman ("Plaintiff") was and is a resident of Brazil.

2. At all times material, Defendant American Airlines, Inc. ("American Airlines"), was and is a Delaware corporation with its principal place of business in Ft. Worth, Texas, doing business in Miami-Dade County, Florida, which has in the past and continues to engage in substantial and not isolated business activity on a continuous and systematic basis in the State of Florida, giving this Court jurisdiction pursuant to § 48.193 of the Florida Statutes.

3. At all times material, CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida, 33324, is and was the Registered Agent for American Airlines and is authorized to accept service of process pursuant to Florida Statute § 48.091.

## JURISDICTIONAL ALLEGATIONS

4. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

5. Jurisdiction is proper in the federal courts of the United States pursuant to 28 U.S.C. §1331(a), in that this is a civil action which arises under the laws and treaties of the United States, namely the *Convention for the Unification of Certain Rules Relating to International Carriage by Air*, concluded at Montreal, Canada, on May 28, 1999 (the "Montreal Convention") and all relevant laws applicable or related thereto, including but not limited to the *Convention for the Unification of Certain Rules Relating to International Carriage by Air*, signed at Warsaw on October 12, 1929 (the "Warsaw Convention"), 49 U.S.C. § 1502 *et. seq.,* as amended by the *Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air*, done at The Hague on October 28, 1955 (the "Hague Protocol").

6. Venue is proper in this District pursuant to Article 33 of the Montreal Convention.

7. Additionally, venue in this District satisfies the requirements of 28 U.S.C. §1391 in that, as set forth above, the Defendant is found in this District or is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

8. On April 6, 2010, American Airlines was a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled international flights in aircraft owned, leased, operated, managed, maintained and/or controlled by American Airlines and its agents and/or employees.

9. As a common carrier, American Airlines was and is obliged to provide the highest degree of care to its passengers.

10.     On April 6, 2010, American Airlines was the owner, lessee, operator, and/or entity in control of American Airlines Flight 995, from Miami, Florida, USA to São Paolo, Brazil (the "subject flight").

11.     American Airlines was the owner and/or operator of the aircraft utilized for the subject flight, and was the employer of the flight attendants and crew on the subject flight.

12.     American Airlines owned, operated, maintained, and/or otherwise controlled, by and through its agents or employees, acting within the course and scope of their employment, the subject aircraft and was responsible for the actions of its agents and/or employees, including but not limited to the flight attendants and crew.

13.     On April 6, 2010, Plaintiff was a paying passenger on American Airlines Flight 995.

14.     Upon landing in São Paolo, all passengers, including Plaintiff, were forced to disembark the aircraft via metal stairs without any assistance from Defendant.  At the time of disembarkation, a heavy rain was falling.  The metal stairs had no rubber grips or other mechanism to prevent the passengers from slipping and/or falling.

15.     While disembarking, Plaintiff slipped and fell down the stairs.  The fall caused Plaintiff to suffer serious injuries to her arm, wrist and hand, including, but not limited to, a serious fracture of her wrist which resulted in a loss of hand movement.

16.     Consequently, through no fault of her own, Plaintiff was seriously injured which injuries include, but are not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income, and medical expenses.

## COUNT I
## CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION

17. Plaintiff incorporates by reference all prior allegations above as if fully set forth herein.

18. At the time of the crash of the subject flight on April 6, 2010, there was in force and effect in the United States a certain multilateral treaty relating to the rules governing international carriage by air known as the Montreal Convention.

19. At the time of her injury, the Plaintiff was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is, therefore, applicable to this action pursuant to Article 1(1) of the Montreal Convention.

20. Pursuant to Article 17 of the Montreal Convention, American Airlines, as the carrier, is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

21. On April 6, 2010, American Airlines was the carrier of the Plaintiff, and she was on board the subject flight.

22. On April 6, 2010, as a result of American Airlines' willful misconduct and through no fault of her own, the Plaintiff suffered bodily injury while disembarking the subject aircraft.

23. The Defendant's liability under the Montreal Convention is absolute up to 100,000 Special Drawing Rights (SDR) pursuant to Article 21(1).

24. Pursuant to Article 21(2) of the Montreal Convention, the Defendant is liable to the Plaintiff for all personal injury or wrongful death damages exceeding 100,000 Special Drawing Rights (SDR), unless the carrier proves (a) the injuries and deaths were not due to the negligence or

other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries or deaths were solely due to the negligence or other wrongful act or omission of a third party.

25. As a direct and proximate result of the aforementioned negligent acts of American Airlines, Plaintiff sustained permanent injury including, but not limited to, bodily injury, scarring, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income, and medical expenses. The losses are permanent and Plaintiff will suffer continuing losses in the future.

WHEREFORE, Plaintiff sues American Airlines for compensatory damages, costs and such other relief as this Court deems appropriate. Furthermore, Plaintiff demands a trial by jury of all issues triable as of right by a jury.

DATED this 23rd day of September, 2010.

Respectfully submitted,

s/ Ricardo M. Martinez-Cid
Ricardo M. Martinez-Cid (FBN 383988)
rmcid@podhurst.com
**PODHURST ORSECK, P.A.**
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Fax: (305) 358-2382
Attorney for Plaintiff